(October 22, 2008)

■ In the Matter of Wayne E. Brouillette, Respondent, v Thomas J. Cerio et al., Appellants, et al., Respondents. [865 NYS2d 730]—

---

Per Curiam. Appeal from a judgment of the Supreme Court (McDonough, J.), entered October 15, 2008 in Albany County, which granted petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the certificate of nomination naming respondent Thomas J. Cerio as the Independence Party candidate for the public office of Justice of the Supreme Court for the 5th Judicial District in the November 4, 2008 general election.

Following a judicial nominating convention held by the Independence Party on September 22, 2008, a certificate of nomination naming respondent Thomas J. Cerio as that party's candidate for the public office of Justice of the Supreme Court for the 5th Judicial District in the November 4, 2008 general election was filed with respondent State Board of Elections. Petitioner, an enrolled member of the Independence Party, thereafter commenced this proceeding in accordance with Election Law § 16-102 seeking to invalidate Cerio's certificate of nomination. Finding, among other things, that the fixing of the time and place of the convention was done in contravention of both the Election Law and the Independence Party's rules, Supreme Court granted the petition and declared invalid the subject certificate of nomination. Cerio and respondent Frank M. MacKay, the chair of the State Independence Party's executive committee, now appeal and we affirm.

Pursuant to Election Law § 6-126 (1), "[t]he time and place of meeting of a convention shall be fixed . . . by a committee appointed pursuant to the rules of the state committee." As set forth in article XI, § 2 of the Rules of respondent New York State Committee of the Independence Party, "[t]he state executive committee shall fix the time and the place of the meeting of the judicial district conventions." Here, the time and place of the convention were fixed by Constantine Panarites. Although MacKay delegated authority to Panarites to schedule the convention "at a time and place of [Panarites'] choosing," it is uncontroverted that Panarites was not a member of the state executive committee, as expressly required by the party's own rules (see Rules of NY St Comm of Independence Party, art XI, § 2). Consequently, inasmuch as the convention was scheduled in violation of both Election Law § 6-126 (1) and the Independence Party's rules, Supreme Court properly invalidated Cerio's certificate of nomination.

The remaining issues raised by the parties in the context of this proceeding are either academic or without merit.

Cardona, P.J., Mercure, Spain, Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.